## GRIFFITH v. RICHARD ADAMS, SURVIVING PARTNER, ET AL.

[Abstract Kentucky Law Reporter, Vol. 7—365.]

**Duty to Plead Equitable Defense to Action Ordinary.**

While a defendant prior to the adoption of the Civil Code could not plead an equitable defense in an action ordinary, but was required to go into equity, since the adoption of the code he is required to plead such defense whether equitable or ordinary.

**Effect of Defendant's Failure to Plead Defense.**

Where one suffers a judgment to be taken against him without making any defense, he can not defeat an action brought to enforce the satisfaction of the judgment by interposing a defense.

APPEAL FROM KNOX CIRCUIT COURT.

November 10, 1885.

OPINION BY JUDGE LEWIS:

In 1850 Robert Barton sold to Joseph Griffin a tract of land and gave his bond for a title. In 1859 Griffin sold the land to John Hilton, assigning to him the title bond, and Hilton gave his note for $835 to G. M. and R. Adams in discharge of a debt Griffin owed that firm, it being recited in the note that he agreed to pay that sum for Joseph Griffin in part for the land he bought of Griffin.

In 1863 G. M. & R. Adams instituted an action in equity against Hilton and the widow and heirs of Robert Barton, then dead, to recover judgment on the note mentioned and to subject the land, upon which they alleged they held a lien, to the satisfaction of the debt. The widow and heirs filed their answer saying they made no defense to the action and were willing to convey as the court might direct.

Hilton also filed an answer, making it a cross-petition against the heirs of Robert Barton, charging they were unable to make to him a good title to the land as stipulated in the title bond; that he had paid a portion of the purchase-price, for which he had a lien on the land superior to that held by the plaintiffs in the action. No judgment was ever rendered in that action, but in 1867 an order was made "filed away." But while it was pending, to-wit: December 25, 1866, Hilton sold a part of the land to appellant, Dennis Griffith, for the consideration of $1,000, for which the latter executed two notes for $500 each to G. M. & R. Adams, and received from Hilton a bond for title to the land.

In 1872 R. Adams, surviving partner of G. M. & R. Adams, instituted an action ordinary against Griffith in which a personal judgment by confession was rendered for the amount of the two notes, less some previous payments made by him; and upon that judgment an execution was issued and duly returned no property found, though it appears Griffith made some payments on the judgment. This action was brought by Adams in 1877 against Dennis Griffith, John Hilton, Joseph Griffith and the widow and heirs of Robert Barton, deceased, to subject the land sold by Hilton to Griffith to the satisfaction of the unpaid balance of the judgment against the latter.

In the petition the plaintiff sets out the sale of the land from Barton to Griffith, from Griffith to Hilton and from Hilton to Dennis Griffith, together with the judgment, execution and return referred to. He states that the notes were executed by Dennis Griffith in lieu of the note for $835 given by Hilton in 1859; that Griffith agreed to risk getting title from Barton's heirs and Hilton for the land, and asks that it be conveyed to Griffith and sold to satisfy the debt. In his answer Griffith denies he agreed to risk getting title, but that he looked to the bond given Hilton for a title, of which the obligees in the two notes were well aware, and accepted them in lieu of Hilton's note.

He further says Hilton is unable to make him a good title as he covenanted to do, and that the widow of Robert Barton is entitled to dower in the land, and has filed her answer setting up claim thereto. At the March term, 1879, the court rendered judgment that Elizabeth Barton, the widow, was entitled to dower in the land sought to be sold, and directed a commissioner appointed for the pur-

pose to allot it. At the August term, 1879, the court, after reciting that the action was submitted upon the question whether Griffith was entitled to rescission of the land in contest, adjudged that Hilton was unable to make a good title, and that the contract be rescinded and Griffith be required to deliver the possession by January 1, 1880, and at the same time directed the master commissioner to ascertain the value of rents and improvements, etc.

But on the first of March, 1883, the court rendered another judgment, in substance, that the rescission of the contract between Dennis Griffith and John Hilton did not affect the rights of the plaintiff, Adams, under his lien, and it still exists and is superior to that of Griffith. Afterwards, February 28, 1884, a sale of the land was ordered, the proceeds of which, or an amount sufficient for the purpose, the court adjudged should be first paid to Adams in satisfaction of the balance of his judgment against Griffith, and that out of the residue of such proceeds the latter was to be repaid the amount of the two notes he had paid to Adams, and also taxes paid by him.

From the last two judgments Dennis Griffith has appealed. The first question to be considered, the determination of which we think controls the decision of this case, is whether, having confessed and suffered judgment on the two notes that has not been reversed, vacated or modified, appellant can in this action resist the enforcement of it, upon any of the grounds relied on by him.

If he can not, then it is not simply a question of priority of liens as inaccurately stated in the judgment, but is a contest between a judgment creditor and his debtor whether the real estate in which the latter has an equitable interest can be made subject to the payment of the debt, for it is not stated in the petition that the firm of G. M. & R. Adams has by subrogation to the rights of Hilton or otherwise a vendor's lien on the land or the equivalent of it, but the action was brought to enforce the satisfaction of their judgment as provided in Civ. Code 1876, ch. 4, title 10, and whatever lien appellees have on the land was created in virtue of that action. Section 17 of the Civil Code 1876, is as follows: "A judgment obtained in an ordinary action shall not be annulled nor modified by any order in an equitable action except for a defense which arises or is discovered after the rendition of the judgment. But such judgment does not prevent the recovery of any claim which was

48

not, though it might have been, used as a defense by way of set-off or counterclaim in the action."

The construction given by this court to the section quoted, and to Civ. and Criminal Code 1854, § 14, which is substantially the same, has been uniform, and in fact the object had in view is so well understood and the language used is so plain that it can not be misinterpreted, for before the adoption of the civil code a defendant could not plead an equitable defense in an action ordinary, but was required to go into equity for relief, which he might do after the rendition of a judgment against him. But the object of the section was not merely to enable but to require a defendant to plead in an ordinary action whatever defense he might at this time have, whether equitable or ordinary.

The inquiry in this case is whether the defenses now relied on by appellant have arisen or been discovered since the judgment on the two notes was rendered against him in 1872, or whether such defense is in the nature of a set-off or counterclaim in the action. Appellant does not state, nor could he truthfully state, that the defense relied on in this action, which is the inability of his vendor, Hilton, to make him a good title by reason of the dower right of the widow of Robert Barton, arose or was discovered after the rendition of the judgment in 1872. Nor is that defense in the nature of a claim against appellee which might have been used by way of set-off or counterclaim in that action.

Whatever claim appellant had when the judgment on the notes was rendered, or now has, is against his vendor, Hilton, and not against the obligees in the two notes. He might or might not have resisted a recovery of that judgment by interposing the equitable defense set up in this action and bringing his vendor, Hilton, before the court. However, whether he could or could not is not now necessary to decide, for having suffered that judgment without making any defense, or making Hilton a party, against whom, if any one, he might set up his claim, he can not now defeat this action brought to enforce the satisfaction of that judgment by interposing for the first time a defense which is not, in the meaning of the code, a claim that he ever could have used as a set-off or counterclaim to the two notes sued on.

Appellant has now a claim only against Hilton, and not having made his answer a cross-action against him he could not resist the

satisfaction of his judgment out of the land. Whatever remedy he has is against Hilton and can not now be made against the appellees. As the statements of the answer of the appellant did not constitute any defense to this action, appellant was not prejudiced by the action of the court complained of in permitting the reply to be filed.

Judgment *affirmed.*

*Dishman and McCleary, Ira Julian, for appellant.*

*Wm. Lindsay, for appellees.*

